GARY OWEN CARIS (SBN 088918)
  gcaris@mckennalong.com
LESLEY ANNE HAWES (SBN 117101)
  lhawes@mckennalong.com
ANGELA E. FONES (SBN 245204)
  afones@mckennalong.com
McKENNA LONG & ALDRIDGE LLP
444 South Flower Street, 8th Floor
Los Angeles, CA 90071-2901
Telephone:  (213) 688-1000
Facsimile:  (213) 243-6330

Attorneys for Plaintiff
**ROBB EVANS** as Receiver

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ROBB EVANS, as Receiver over the Assets of James P. Lewis, Jr., individually and doing business as Financial Advisory Consultants, Income Fund, Ltd. and Growth Fund, Ltd.,<br><br>Plaintiff,<br><br>v.<br><br>AMIR B. HOSSEINZADEH, et al.,<br><br>Defendants. | CASE NO. CV06-14 ABC (VBKx)<br><br>**STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF SUMMARY JUDGMENT AGAINST DEFENDANTS NADAR BONYADLO, ABDOLRAHIM MORIDZADEH, SIMA MORIDZADEH, AMIR B. HOSSEINZADEH, KHADIJEH HOSSEINZADEH, SHAYAN HOSSEINZADEH, SHEILA HOSSEINZADEH, SHEIVA HOSSEINZADEH AND ESFANDIAR TONY LOTFI**<br><br>[F.R.C.P. 56]<br><br>DATE:  October 27, 2008<br>TIME:   10:00 a.m.<br>PLACE: Courtroom 680 |

Pursuant to the Court's Order entered on October 28, 2008 (Document Number 152) the Court issues the following Statement of Undisputed Facts and Conclusions of Law in Support of Summary Judgment Against Defendants Nadar Bonyadlo ("Bonyadlo"), Amir B. Hosseinzadeh ("A. Hosseinzadeh"), Abdolrahim

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
AGAINST DEFENDANTS - CASE NO. CV06-14 ABC (VBKx)

LA:17315123.2

Moridzadeh and Sima Moridzadeh (collectively "Moridzadeh"), Esfandiar Tony Lotfi ("Lotfi"), Khadijeh Hosseinzadeh, Shayan Hosseinzadeh, Sheila Hosseinzadeh and Sheiva Hosseinzadeh (collectively "K/S Hosseinzadeh") (hereinafter collectively referred to as "Summary Judgment Defendants").

## STATEMENT OF UNDISPUTED FACTS

| | UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | The Securities and Exchange Commission ("SEC") commenced an action in the United States District Court for the Central District of California, entitled <u>Securities and Exchange Commission v. James P. Lewis, Jr., et al.</u>, Case No. CV 03-9354 ABC (VBKx) (the "SEC Action"), alleging the Receivership Entities perpetrated a fraudulent investment scheme. | SEC Action Complaint at ¶¶ 17,-24, 26, 29, (Docket No. 1). |
| 2. | On or about January 6, 2004, the United States District Court entered an Order Appointing Temporary Receiver Over the Assets of James P. Lewis, Jr., Individually and Doing Business as Financial Advisory Consultants, Income Fund, Ltd. and Growth Fund, Ltd. ("Temporary Receivership Order") in the SEC Action and plaintiff Robb Evans was appointed as Temporary Receiver over the assets of James P. Lewis, Jr. ("Lewis") individually and doing business as Financial Advisory Consultants, Income Fund, Ltd. and Growth Fund, Ltd. | Temporary Receivership Order at ¶ I (Docket No. 16); Receivership Action Complaint Ex. 1. |

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

- 2 -
STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
AGAINST DEFENDANTS - CASE NO. CV06-14 ABC (VBKx)
LA:17315123.2

| | **UNDISPUTED FACT** | **SUPPORTING EVIDENCE** |
|---|---|---|
| 3. | On January 22, 2004, the Court issued a Preliminary Injunction Order and Orders: (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Granting Expedited Discovery; (4) For Accountings; and (5) Order Appointing a Permanent Receiver ("Permanent Receivership Order") pursuant to which Plaintiff was appointed as Permanent Receiver over the Receivership Entities. | Permanent Receivership Order at ¶¶ I and VIII, (Docket No. 26); Receivership Action Complaint Ex. 2. |
| 4. | The Temporary Receivership Order and the Permanent Receivership Order appointed Robb Evans as Receiver over the assets of the Receivership Entities, with full powers of an equity receiver, including but not limited to, full power over all funds, assets, collateral, premises, choses in action, books, records, papers and other property belonging to or in the possession of or control of the Receivership Entities and full power to sue and to marshal and collect assets of the Receivership Estate. The Receiver's powers are more particularly described in Section I of the Temporary Receivership Order and Section VIII of the Permanent Receivership Order. | Temporary Receivership Order at ¶ I; Permanent Receivership Order at ¶ VIII; Receivership Action Complaint Exs. 1 and 2. |
| 5. | On June 17, 2004, pursuant to the Receiver's motion in the SEC Action, the Court entered an | Litigation Order (Docket No. 77); Receivership |

McKenna Long & Aldridge LLP
Attorneys At Law
Los Angeles

- 3 -
STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS - CASE NO. CV06-14 ABC (VBKx)
LA:17315123.2

| | **UNDISPUTED FACT** | **SUPPORTING EVIDENCE** |
|---|---|---|
| | Order ("Litigation Order") authorizing the Receiver to assert claims and commence litigation to recover the fictitious "profits" paid to investors in Lewis' Ponzi scheme who were paid amounts in excess of the amounts they invested ("Winning Investors"). | Action Complaint Ex. 3. |
| 6. | On October 5, 2006, the United States District Court entered its Final Judgment of Permanent Injunction and Other Relief Against James P. Lewis, Jr., Individually and Doing Business as Financial Advisory Consultants, Income Fund, Ltd. and Growth Fund, Ltd. ("Final Judgment") and entered its Order granting the SEC's Motion for Summary Judgment against Lewis in the SEC Action. | Final Judgment at ¶ I (Docket No. 327); Order Granting SEC's Motion for Summary Judgment (Docket No. 326); Exhibits 6 and 7 to the Request for Judicial Notice. |
| 7. | The Final Judgment provided, among other things, that the Receiver was authorized to institute and prosecute all actions and take such other steps as reasonable and appropriate to enforce and collect a monetary judgment for disgorgement in favor of the SEC in the amount of $161,351,290.62, as more particularly set forth in Sections VII and XV of the Final Judgment. | Final Judgment at ¶¶ VII and XV (Docket No. 327); Exhibits 6 and 7 to the Request for Judicial Notice. |
| 8. | In the action entitled <u>U.S. v. James P. Lewis, Jr.</u>, Case No. SA CR 04-16 (A) CJC, Lewis | Lewis Plea Agreement ("Plea Agreement") |

McKenna Long & Aldridge LLP
Attorneys At Law
Los Angeles

- 4 -

STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS - CASE NO. CV06-14 ABC (VBKx)

LA:17315123.2

| | **UNDISPUTED FACT** | **SUPPORTING EVIDENCE** |
|---|---|---|
| | entered into a plea agreement on October 6, 2005 admitting that the Receivership Entities operated a fraudulent investment scheme which was a Ponzi scheme and acted with the intent to defraud. | Exhibit 8 to the Request for Judicial Notice. |
| 9. | The Receivership Entities were engaged in the fraudulent sale of illegal, unregistered investments as part of a Ponzi scheme by which investors were repaid with monies generated by investments from other investors. | Declaration of Brick Kane "Kane Decl.") at ¶ 8; Plea Agreement at p. 13:18-21, Exhibit 8 to the Request for Judicial Notice. |
| 10. | The Receivership Entities solicited funds from investors by representing that they managed and maintained an Income Fund which paid an annual rate of return of at least 18% and a Growth Fund which paid an annual rate of return of approximately 40%. | Kane Decl. at ¶ 8; Plea Agreement at p. 13:13-15, Exhibit 8 to the Request for Judicial Notice. |
| 11. | The Receivership Entities represented that the Income Fund generated its rate of return by leasing medical equipment, financing insurance premiums, and commercial lending and that the Growth Fund generated its rate of return through the purchase and sale of distressed businesses. | Kane Decl. at ¶ 8 Plea Agreement at pp. 13:6-10:, Exhibit 8 to the Request for Judicial Notice. |
| 12. | The Receivership Entities did not have any legitimate business enterprises as represented. In reviewing the records of the Receivership | Kane Decl. at ¶ 8. |

McKenna Long & Aldridge LLP
Attorneys At Law
Los Angeles

- 5 -
STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS - CASE NO. CV06-14 ABC (VBKx)
LA:17315123.2

| | **UNDISPUTED FACT** | **SUPPORTING EVIDENCE** |
|---|---|---|
| | Entities, the Receiver determined that the Receivership Entities did not purchase and sell any distressed businesses, nor lease medical equipment, finance insurance premiums, or engage in commercial lending. | |
| 13. | The Receivership Entities made some investments with funds solicited from investors, but these investments were sporadic, did not generate investment income, and did not coincide with the investments the Receivership Entities claimed to make in order to generate money for the benefit of investors. | Kane Decl. at ¶ 8. |
| 14. | The Receivership Entities transferred funds to Lewis for his personal use to fund and maintain his lavish lifestyle and transferred funds to Lewis' family and friends for their personal use. | Kane Decl. at ¶ 8. |
| 15. | Over the course of nearly twenty years, the Receivership Entities raised approximately $311 million through the operation of this scheme. | Kane Decl. at ¶ 8. |
| 16. | The Receivership Entities only invested approximately $15.5 million in businesses, none of which generated investment income. Further, the Receivership Entities lost approximately $20.3 million in foreign | Kane Decl. at ¶ 8. |

- 6 -
STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS - CASE NO. CV06-14 ABC (VBKx)
LA:17315123.2

MCKENNA LONG & ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

| | **UNDISPUTED FACT** | **SUPPORTING EVIDENCE** |
|---|---|---|
| | exchange and commodity futures trading. | |
| 17. | The Receivership Entities made payments to investors totaling approximately $226 million under the guise of principal, interest or income payments. | Kane Decl. at ¶ 8. |
| 18. | The only source of funds to make payments to investors was from other investor funds. | Kane Decl. at ¶ 8. |
| 19. | During the course of the Receivership Entities' fraudulent scheme, there have been approximately 2,000 investors, of which approximately 400 received payments that exceeded the amount of the funds they invested with the Receivership Entities and the remaining investors received less than their principal investment with the Receivership Entities with an aggregate loss of approximately $156,000,000. | Kane Decl. at ¶ 8. |
| 20. | With each transfer of funds from investors, the Receivership Entities were obligated to pay the amount of the investment plus fictitious "profits" that could not be obtained since the funds were not being invested but were simply being transferred to other investors. | Kane Decl. at ¶ 9. |
| 21. | New investments merely fueled the fraudulent scheme by providing funds that could be transferred to other investors. | Kane Decl. at ¶ 9. |

McKenna Long & Aldridge LLP
Attorneys At Law
Los Angeles

- 7 -
STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS - CASE NO. CV06-14 ABC (VBKx)
LA:17315123.2

| | **UNDISPUTED FACT** | **SUPPORTING EVIDENCE** |
|---|---|---|
| 22. | The Receiver has determined that under this fraudulent scheme, at all times the Receivership Entities were insolvent; that is, their assets were less than their liabilities and therefore, they never had the ability to repay the principal amount invested by all investors, much less the promised profits. | Kane Decl. at ¶ 9. |
| 23. | The Receivership Entities' insolvency is further evidenced by the fact that, as of the inception of the receivership estate, claims against the Receivership Entities totaled approximately $156,000,000, and claimants will be paid only a small fraction of their unpaid claim amounts, and the assets of the Receivership Entities were only a small fraction of the liabilities of the Receivership Entities. | Kane Decl. at ¶ 9. |
| 24. | Bonyadlo received $367,626.00 from the Receivership Entities in excess of his principal investment. | Kane Decl. at ¶ 17. |
| 25. | From January 3, 2002 forward, Bonyadlo received payments from the Receivership Entities totaling $607,000.00. | Kane Decl. at ¶ 17. |
| 26. | A. Hosseinzadeh received $115,000.00 from the Receivership Entities in excess of his principal investment. | Kane Decl. at ¶ 19; Caris Decl. at ¶ 3. |

| | **UNDISPUTED FACT** | **SUPPORTING EVIDENCE** |
|---|---|---|
| 27. | From January 3, 2002 forward, A. Hosseinzadeh received payments from the Receivership Entities totaling $100,000.00. | Kane Decl. at ¶19. |
| 28. | Lotfi received $321,933.62 from the Receivership Entities in excess of his principal investment. | Kane Decl. at ¶ 21; Caris Decl. at ¶¶ 4 and 5; Lotfi's supplemental responses to the Lotfi RFAs No. 1. |
| 29. | From January 3, 2002 forward, Lotfi received payments from the Receivership Entities totaling $415,000.00. | Kane Decl. at ¶ 21. |
| 30. | Moridzadeh received $406,930.00 from the Receivership Entities in excess of their principal investment. | Kane Decl. at ¶ 23. |
| 31. | Moridzadeh admitted receiving $320,539.00 in excess of their principal investment. | Caris Decl. at ¶ 6. |
| 32. | From January 3, 2002 forward, Moridzadeh received payments from the Receivership Entities totaling $250,000.00. | Kane Decl. at ¶ 23. |
| 33. | K/S Hosseinzadeh received $155,012.00 from the Receivership Entities in excess of their principal investment. | Kane Decl. at ¶¶ 25 and 26; Caris Decl. at ¶ 9; K/S Hosseinzadeh's supplemental responses to the K/S Hosseinzadeh Interrogatories Nos. 1 and 2. |

McKenna Long & Aldridge LLP
Attorneys At Law
Los Angeles

- 9 -
STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS - CASE NO. CV06-14 ABC (VBKx)
LA:17315123.2

| UNDISPUTED FACT | | SUPPORTING EVIDENCE |
|---|---|---|
| 34. | From January 3, 2002 forward, K/S Hosseinzadeh received payments from the Receivership Entities totaling $200,000.00. | Kane Decl. at ¶ 26. |

## CONCLUSIONS OF LAW

1.  The Court has jurisdiction over this action pursuant to this Court's ancillary and supplemental jurisdiction over actions brought by the Receiver pursuant to this Court's Temporary Restraining Order and Preliminary Injunction Order and 28 U.S.C. §§ 1331 and 1367.

2.  A motion for summary judgment must be granted where, as here, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

3.  Under Local rule 7-12, "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  The Court deems that the failure of Defendants Khadijeh Hosseinzadeh, Sheila Hosseinzadeh, Shayan Hosseinzadeh and Sheiva Hosseinzadeh to file an opposition as their consent to the granting of the Motion.

4.  The Receiver is entitled to recover for the benefit of the receivership estate property fraudulently conveyed by the Receivership Entities.  See Donell v. Kowell, 533 F.3d 762, 770 (9th Cir. 2008); Fisher v. Gibson, 90 Cal. App. 4th 275 (2001) (involving recovery of sales commissions by receiver); Securities and Exchange Commission v. Cook, No. 3:00-CV-272-R, 2001 U.S. Dist. LEXIS 2601, *7 (N.D. Tex. March 8, 2001); see also Camerer v. California Savings & Commercial Bank of San Diego, 4 Cal. 2d 159, 170, 48 P. 2d 39 (1935).

McKenna Long & Aldridge LLP
Attorneys At Law
Los Angeles

5. Pursuant to the Final Judgment entered by the Court, the Receiver also may bring fraudulent conveyance claims on behalf of the SEC as a judgment creditor to recover fraudulent transfers conveyed by the Receivership Entities. The Final Judgment authorized the Receiver to institute and prosecute all actions and take such other steps as reasonable and appropriate to enforce and collect a monetary judgment for disgorgement in favor of the SEC in the amount of $161,351,290.62, as more particularly set forth in Sections VII and XV of the Final Judgment. See also Cal. Civ. Code § 3439.07.

6. The Receiver is entitled to recover for the receivership estate transfers by the Receivership Entities made with the actual intent to hinder, delay or defraud the present and future creditors of the Receivership Entities. Cal. Civ. Code §§ 34309.04(a)(1) and 3439.07.

7. Actual intent to hinder, delay or defraud is determined to exist as a matter of law where, as here, the Receivership Entities were operating a Ponzi scheme. In re Cohen, 199 B.R. 709, 717 (9th Cir. BAP 1996); In re Agricultural Research and Tech. Group, Inc., 916 F.2d 528, 536 (9th Cir. 1990); In re Estates of Midland Euro Exchange Inc., 347 B.R. 708, 715 (Bankr. C.D. Cal 2006); Warfield v. Byron, 436 F.3d 551, 559 (5th Cir. 2006); In re Slatkin, 525 F.3d 805, 814 (9th Cir. 2008); Cook, 2001 U.S. Dist. LEXIS 2601 at * 8.

8. The mere existence of a Ponzi scheme is sufficient to establish actual intent to defraud. Donell, 533 F.3d at 770. A Ponzi scheme operator must know all along, from the very nature of his activities, that investors at the end of the line will lose their money. Knowledge to a substantial certainty constitutes intent in the eyes of the law, and a debtor's knowledge that future investors will not be paid is sufficient to establish actual intent to defraud them. In re Slatkin, 310 B.R. at 748-49 (quoting Merrill v. Abbott (In re Indep. Clearing House Co.), 77 B.R. 843, 860 (D. Utah 1987)), aff'd, In re Slatkin, 525 F.3d 805, 814 (9th Cir. 2008); see also Cook, 2001 U.S. Dist. LEXIS 2601 at * 9.

9. A plea agreement admitting the operation of a Ponzi scheme with the actual intent to defraud creditors conclusively establishes fraudulent intent under California Civil Code Section 3439.04(a)(1). In re Slatkin, 525 F.3d at 814.

10. Under California Civil Code Section 3439.04(a)(2), a transfer is fraudulent and should be avoided if it was made by a debtor (1) without receiving a reasonably equivalent value in exchange for the transfer, and where (2) either (a) the debtor was engaged in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, or (b) the debtor intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond his or her ability to pay as they became due.

11. Whether the Receivership Entities received reasonably equivalent value is determined from the perspective of the transferor, in this case the Receivership Entities. Wyle v. C.H. Rider & Family (In re United Energy Corp.), 944 F.2d 589, 597 (9th Cir. BAP 1991); In re Lucas Dallas, Inc., 185 B.R. 801, 807-808 (9th Cir. BAP 1995). See also Fisher v. Gibson, 90 Cal. App. 4th at 280-282 (2001).

12. The primary consideration in analyzing the exchange for value for any transfer is the degree to which the transferor's net worth is preserved. Securities and Exchange Commission v. Resource Dev. Int'l. LLC, 487 F.3d 295, 301 (5th Cir. 2007) (internal citations omitted); Byron, 436 F.3d at 559.

13. At the time of the transfers to the Summary Judgment Defendants, the Receivership Entities were engaged in or were about to engage in transactions for which their remaining assets were unreasonably small in relation to the business or transactions, and/or the Receivership Entities intended to incur, or believed or reasonably should have believed that the Receivership Entities would incur, debts beyond the Receivership Entities' ability to pay as they became due (and therefore should be set aside under Section 3439.04(a)(2)). In re Grafton Partners, L.P., 321 B.R. 527, 530 (9th Cir. BAP 2005); see also Donell, 533 F.3d at 771.

McKenna Long & Aldridge LLP
Attorneys At Law
Los Angeles

- 12 -
STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS - CASE NO. CV06-14 ABC (VBKx)
LA:17315123.2

14.     A Ponzi scheme is a fraudulent arrangement in which an entity makes payments to investors not from profits, but from monies obtained from later investors.  The entity used the money received from new investors in the guise of profits from the alleged business venture, thereby creating an illusion that a legitimate profit-making business opportunity exists, thereby inducing further investment.  In re Grafton Partners, L.P., 321 B.R. at 530 n.2, citing In re United Energy Corp., 944 F.2d 589, 590 n.1 (9th Cir. 1991) and In re Cohen, 199 B.R. at 717 n.9.

15.     Proof that transfers were made pursuant to a Ponzi scheme generally establishes that the scheme operator was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, or intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.  Donell, 533 F.3d at 770-71.

16.     Payments up to the amount of the initial investment are considered to be exchanged for 'reasonably equivalent value,' and thus not fraudulent, because they proportionally reduce the investors' rights to restitution.  If investors receive more than they invested, payments in excess of amounts invested are considered fictitious profit because they do not represent a return on legitimate investment activity.  Donell, 533 F.3d at 772.

17.     Under California Civil Code Section 3439.05, a transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor was insolvent at the time or became insolvent as a result of the transfer.

18.     As a matter of law, the Receivership Entities were insolvent at the time of the transfers to the Summary Judgment Defendants and/or became insolvent as a

McKenna Long & Aldridge LLP
Attorneys At Law
Los Angeles

- 13 -
STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS - CASE NO. CV06-14 ABC (VBKx)
LA:17315123.2

result thereof (and therefore should be aside under Section 3439.05).  <u>Byron</u>, 436 F.3d at 558.

19. The Receiver is limited to recovering only fraudulent transfers made within four years of the filing of his Complaint.  <u>See</u> Cal. Civ. Code §§ 3439.09(a) and (b); <u>see also</u> <u>Donell</u>, 533 F.3d at 771-72.

20. In accordance with the <u>Donell</u> case, in order to determine the amount of liability for the Summary Judgment Defendants the Receiver netted the amounts the Summary Judgment Defendants paid to the Receivership Entities against the amounts the Summary Judgment Defendants received from the Receivership Entities during the span of their involvement with the Receivership Entities.  <u>See</u> <u>Donell</u>, 533 F.3d at 771-72.

21. The Receiver is not required to trace transfers made to the Summary Judgment Defendants to show that specific payments to the Summary Judgment Defendants were a return of principal.  <u>Donell</u>, 533 F.3d at 774.  The Court may presume that the earliest payments received by the investor are payments against the investor's claim for restitution.  Transfers in excess of that amount, made within the statute of limitations, are avoidable as fraudulent conveyances.  <u>Id</u>.

22. The statute is silent on the issue of pre-judgment interest, and the award of pre-judgment interest is generally within the discretion of the Court.  <u>See</u> <u>Donell</u>, 533 F.3d at 772 (pre-judgment interest may be awarded from the date each fraudulent transfers was made); <u>In re Fink</u>, 217 B.R. 614, 623 (Bankr. C.D. Cal. 1997) (pre-judgment interest awarded from date of transfer on fraudulent conveyance claim); <u>Kendall v. Sorani</u>, 151 B.R. 1012, 1022 (Bankr. N.D. Cal. 1993).  It is reasonable and within the sound discretion of the Court to award pre-judgment interest from the date of the filing of the Complaint, which is much less onerous to the Summary Judgment Defendants than if the Court awarded pre-judgment interest from the date each fraudulent transfer was made.

MCKENNA LONG & ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS - CASE NO. CV06-14 ABC (VBKx)
LA:17315123.2

23. Rule 54(b) of the Federal Rules of Civil Procedure provides that the Court may enter a final judgment as to less than all the parties to an action "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

24. The claims against the Summary Judgment Defendants for which judgment is sought by this application will determine fully the liability of the Summary Judgment Defendants alone and terminate the litigation in its entirety as to those parties, as the obligations sued upon are not joint and several with any other party to the action and independent of the claims asserted against the other defendants, making entry of a separate judgment appropriate under Rule 54(b). See Credit Francais Int'l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 706 (1st Cir. 1996); Federal Deposit Ins. Corp. v. Tripati, 769 F.2d 507 (8th Cir. 1985).

DATED: November 5, 2008

*[signature: Audrey B. Collins]*

AUDREY B. COLLINS
UNITED STATES DISTRICT COURT JUDGE

Attorneys At Law
Los Angeles

- 15 -
STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS - CASE NO. CV06-14 ABC (VBKx)
LA:17315123.2